UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLIVIA HUBBARD,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>OMEGA SECURITY SPECIALISTS, INC.<br>and DANIEL KEVIN HERD<br><br>*Defendants.* | § § § § § § § § § § § § | Civil Action No. CIV-19-46-R<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Olivia Hubbard brings this action individually and on behalf of all others similarly situated ("Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Omega Security Specialists, Inc. and/or Daniel Kevin Herd (collectively, "Defendants" or "Omega"), at any time during the past three years through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiff and the Putative Class Members are those persons who worked for Omega at any time from January 16, 2016 through the final disposition of this matter.

3.      During this time, Plaintiff and the Putative Class Members were non-exempt security guards who were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5.      Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      The decision by Omega not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7.      Omega knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for any hours worked in excess of forty (40) hours per workweek.

8.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or any other applicable law.

9.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10.     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Olivia Hubbard ("Hubbard") worked for Omega during the relevant time period. Plaintiff Hubbard did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former workers who were employed by Omega at any time in the past three years and have been subjected to the same illegal pay system under which Plaintiff Hubbard worked and was paid.

13. Defendant Omega Security Specialists, Inc. ("Omega") is an Oklahoma corporation, licensed to and doing business in Oklahoma, and may be served through its registered agent for service of process: **Daniel Kevin Herd, 5812 Shiloh Boulevard, Oklahoma City, OK 73179.**

14. Defendant Daniel Kevin Herd ("Herd") is the CEO and Founder of Omega and an employer as defined by 29 U.S.C. § 203(d). Defendant Herd may be served at: **5812 Shiloh Boulevard, Oklahoma City, OK 73179, or wherever he may be found**.

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

---

[1] The written consent of Olivia Hubbard is attached hereto as Exhibit A.

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has personal jurisdiction over Omega because the cause of action arose within this district as a result of Omega's conduct within this District.

18. Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Omega has maintained a working presence throughout Oklahoma and Plaintiff Hubbard worked for Omega in Oklahoma City, Oklahoma, all of which is located within this District.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Omega is based in Oklahoma City, Oklahoma and provides armed escort, disturbance control, self-defense instruction, hostage negotiations, prisoner transportation and active shooter security services to private, commercial and corporate clients throughout the Greater Oklahoma City area.[2]

22. Defendant Herd is the CEO and Founder of Omega.

23. Defendants are joint employers as that term is defined by 29 U.S.C. § 203(d).

---

[2] https://www.omega-security.net.

24. To provide their services, Omega employed (and continues to employ) numerous hourly workers in the State of Oklahoma—including Plaintiff Hubbard and the individuals that make up the putative class.

25. While exact job titles may differ, these employees have been subjected to the same or similar illegal pay practices for similar work.

26. Plaintiff Hubbard was employed by Omega as a Security Guard from approximately March 2018 until January 2019.

27. Omega paid Plaintiff Hubbard a "straight time" rate of fifteen dollars ($15.00) per hour for all hours worked each workweek.

28. That is, Omega did not pay overtime at a rate of at least one and one-half of Plaintiff Hubbard's regular rate for all hours worked in excess of forty (40) hours per workweek.

29. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Putative Class Members often worked anywhere from forty-five (45) to eighty (80) hours per week.

30. Defendant Herd, acting on behalf of Defendant Omega, directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of their payment of wages.

31. Defendant Herd, acting on behalf of Defendant Omega, maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32. Defendants Herd and Omega mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

33. Defendants Herd and Omega did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

34. Defendants Herd and Omega shared the services of Plaintiff and the Putative Class Members.

35. Defendants Herd and Omega acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

36. Specifically, Defendant Herd, acting on behalf of Defendant Omega, dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

37. Moreover, Defendant Herd, acting on behalf of Defendant Omega, had the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedule and conditions of employment; determine their rates and methods of payment; and, maintain their employment records.

38. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

39. Defendants Herd and Omega have employed other individuals—the Putative Class Members—who performed the same or similar job duties under the same pay provisions (or lack thereof) as Plaintiff Hubbard.

40. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

41. Omega did not pay overtime at a rate of at least one and one-half Plaintiff and the Putative Class Members' regular rate for all hours worked in excess of forty (40) hours per week.

42. Accordingly, Omega's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

**A.   FLSA COVERAGE**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The FLSA Collective is defined as:

**ALL HOURLY WORKERS EMPLOYED BY OMEGA SECURITY SPECIALISTS, INC. AND/OR DANIEL KEVIN HERD, AT ANY TIME FROM JANUARY 16, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

45. At all times hereinafter mentioned, Defendants Herd and Omega have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46. At all times hereinafter mentioned, Defendants Herd and Omega have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47. At all times hereinafter mentioned, Defendants Herd and Omega have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Omega, these individuals provided services for Omega that involved interstate commerce for purposes of the FLSA.

49. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Omega and were responsible for protecting and monitoring premises and materials that had been moved in or produced for commerce. 29 U.S.C. § 203(j).

51. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52. In violating the FLSA, Omega acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

53. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Omega.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Omega violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

57. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Omega's acts and omissions as described herein; though Omega is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

58. Moreover, Omega knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

59. Omega knew or should have known its pay practices were in violation of the FLSA.

60. Omega is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

61.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Omega to pay overtime in accordance with the law.

62.     The decision and practice by Omega to not pay overtime was neither reasonable nor in good faith.

63.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

64.     All previous paragraphs are incorporated as though fully set forth herein.

65.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Hubbard.

66.     Other similarly situated employees have been victimized by Omega's patterns, practices, and policies, which are in willful violation of the FLSA.

67.     The FLSA Collective Members are defined in Paragraph 44.

68.     Omega's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

69.     Thus, Plaintiff Hubbard's experiences are typical of the experiences of the FLSA Collective Members.

70.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

73. Omega has employed a substantial number of similarly situated employees since January 16, 2016. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

74. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Omega will retain the proceeds of its rampant violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76. Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

77. Plaintiff respectfully prays for judgment against Omega as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring Omega to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Omega liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Hubbard a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Omega, at Omega's expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date:  January 16, 2019   Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**MCINTYRE LAW, P.C.**

By:   /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

**Attorneys for Plaintiff and the Putative Class Members**